UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JENNY L. PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:22-cv-96 |
| v. | ) |
| | ) |
| FRANK BISIGNANO[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b) [DE 25] filed by Rodney E. Forbes, counsel for the plaintiff, Jenny L. Pearson, on September 24, 2025. Defendant filed a Response [DE 26] indicating that the Agency neither agreed nor disagreed that Plaintiff's counsel should be awarded fees pursuant to Section 406(b). For the following reasons, the Motion [DE 25] is **GRANTED**.

*Background*

Plaintiff Jenny L. Pearson filed an application for Social Security Disability, alleging a disability onset date of September 24, 2020. [DE 25-4]. The Agency entered an unfavorable decision on June 1, 2022. [DE 13]. Plaintiff challenged the Administrative Law Judge's decision by filing a Request for Review with the Appeals Council in July 2022. *Id.* The Appeals Council

---

[1] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

issued its decision denying Plaintiff's request for review on November 17, 2022, making the Administrative Law Judge's decision the final Agency decision. *Id.* Plaintiff initiated civil action in this court for judicial review of the denial of her application for benefits on December 7, 2022. [DE 1].

The court remanded the decision of the Commissioner on September 6, 2023. [DE 21]. Following this court's remand, an Administrative Law Judge approved Plaintiff's claim for Disability Insurance benefits. [DE 25-4]. The Social Security Administration issued a Notice of Award letter dated November 6, 2024. Plaintiff was awarded past-due benefits in the amount of $81,440.00. [DE 25]. Plaintiff agreed to pay Attorney Forbes 25% of all past-due benefits awarded to her and any beneficiaries by the Administration. [DE 25-1].

The Commissioner filed a Stipulation to Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA") in September of 2023. [DE 23]. On September 21, 2023, the court granted the request and awarded Plaintiff $6,820.00 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412. [DE 24]. In total, Plaintiff's counsel has received $6,820.00 in attorney fees under 28 U.S.C. § 2412. *Id.*

Attorney Forbes asks the court to authorize an award of attorney fees in the total amount of $20,360.00 pursuant to 42 U.S.C. § 406(b). The motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the

attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Forbes requests an attorney fee in the amount of $20,360.00. Attorney Forbes contends that the requested fee award is reasonable for the 31 hours of legal work he spent representing Plaintiff in federal court. [DE 25-2]. Attorney Forbes's total requested fee amounts to an hourly rate of $656.77 for attorney time. This calculated rate is within the bounds of reasonableness in this district especially considering that these cases are taken on a contingent fee basis. *See Owsley v. Astrue*, 2010 WL 5173148, at *4 (N.D. Ind. Dec. 14, 2010) (awarding a fee equating to $810 per hour); *Hill v. Comm'r of Soc. Sec.*, 2016 WL 2643360 (N.D. Ind. May 10, 2016) (awarding fee equating to $810 per hour). Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee or subtract it from the total fees awarded under § 406(b). *Gisbrecht,* 535 U.S. at 789; *Lugar v. Comm'r of Soc. Sec.*, 2024 WL 3518612, at *1 (N.D. Ind. July 22, 2024). Attorney Forbes has acknowledged that Plaintiff is entitled to a refund of the $6,820.00

EAJA award that she received. [DE 25].

Based on the foregoing reasons, the court **GRANTS** the Motion [DE 25] and **AWARDS** fees to Attorney Rodney E. Forbes in the total amount of $20,360.00. The court **ORDERS** Attorney Forbes to refund the plaintiff, Jenny L. Pearson, the total amount of the previously awarded EAJA fees, $6,820.00, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 1st day of October, 2025.

/s/ Andrew P. Rodovich  
United States Magistrate Judge